UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.

RICHARD MURTAUGH and
GAIL MURTAUGH

CASE NO. 2:24-cr-121-SPC-NPM

18 U.S.C. § 1349
(Conspiracy to Commit Mail Fraud)

## INFORMATION

The United States Attorney charges:

### COUNT ONE
**(Conspiracy to Commit Mail Fraud)**

A. **Introduction**

At all times material to this Information:

1. RICHARD MURTAUGH was a resident of both the Middle District of Florida ("MDFL") and the Northern District of New York ("NDNY") and was married to GAIL MURTAUGH (collectively, the "MURTAUGHS").

2. Ebay, Inc. ("eBay") was an online auction marketplace headquartered in San Jose, California. Its servers were located outside of Florida.

3. As part of the eBay registration process, eBay required all users to agree to comply with eBay's User Agreement. In the User Agreement, eBay

1

specified various "restricted activities" from which all users agreed to refrain, including selling stolen items. Any eBay user that did not represent that he or she would abide by these restrictions was not permitted to use eBay's services. Additionally, eBay advised all of its users in a separate policy statement that the sale of stolen property was "strictly prohibited."

4. The United States Postal Service ("USPS") was an independent agency of the executive branch of the Government of the United States that provided domestic and international mail and shipping services.

### B. The Conspiracy

5. Beginning on an unknown date, but at least as early as in or about September 2020, and continuing thereafter, through and including at least on or about April 2022, in the Middle District of Florida, and elsewhere, the defendants,

RICHARD MURTAUGH and
GAIL MURTAUGH,

did knowingly and willfully combine, conspire, confederate, and agree with one another to commit mail fraud, in violation of 18 U.S.C. § 1341.

### C. Manner and Means of the Conspiracy

6. The manner and means by which the conspirators sought to accomplish the objects of the conspiracy included, among others, the following:

a. It was part of the conspiracy that the MURTAUGHS, would and did engage in a scheme to steal merchandise, namely personal hygiene products, grooming supplies, nicotine products, teeth whitening and dental care supplies, over the counter medications, drill bits, and other merchandise, from retail businesses in Collier and Lee County, Florida.

b. It was further part of the conspiracy that the MURTAUGHS would and did unlawfully list the stolen merchandise for sale and for auction on their eBay store, "dickandgail."

c. It was further part of the conspiracy that the MURTAUGHS would utilize USPS and the U.S. mail to ship the stolen merchandise to eBay purchasers throughout the United States.

d. It was further part of the conspiracy that the MURTAUGHS would and did sell at least $179,148.20 in stolen merchandise on eBay, which caused eBay to deposit at least $175,621.31 into a bank account controlled by the MURTAUGHS.

e. It was further part of the conspiracy that the MURTAUGHS would and did perform acts and make statements to promote and achieve the objects of the conspiracy and to misrepresent, hide, and conceal, and cause to be misrepresented, hidden, and concealed, the purpose of the conspiracy and the acts committed in furtherance thereof.

In violation of 18 U.S.C. § 1349.

## FORFEITURE

1. The allegations contained in Count One are incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)C and 28 U.S.C. § 2461(c).

2. Upon conviction for conspiracy to violate 18 U.S.C. § 1341, in violation of 18 U.S.C. § 1349, the defendants,

> RICHARD MURTAUGH and
> GAIL MURTAUGH,

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

3. The property to be forfeited includes, but is not limited to, an order of forfeiture in the amount of approximately $175,621.31, which represents the proceeds obtained from the offense charged in Count One.

4. If any of the property described above, as a result of any act or omission of the defendant:

  a. cannot be located upon the exercise of due diligence;

  b. has been transferred or sold to, or deposited with, a third party;

  c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C § 853(p), as incorporated by 28 U.S.C. § 2461(c).

ROGER B. HANDBERG
United States Attorney

By: _____
Trenton J. Reichling
Assistant United States Attorney

By: _____
Jesus M. Casas
Assistant United States Attorney
Chief, Fort Myers Division